# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 03-1096-PHX-SMM |
| ) | |
| Plaintiff, ) | No. CV 05-2576-PHX-SMM (BPV) |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Rafael Cruz-Ayon, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

On August 25, 2005, Rafael Cruz-Ayon, ("Movant"), presently confined in the Federal Correctional Institution in Safford, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. #47). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing Grounds One and Two of the Motion and granting and evidentiary hearing as to Grounds Three.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Cruz-Ayon is not entitled to relief as to the first two grounds of the motion. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the first two grounds of the present Motion.

## I. PROCEDURAL BACKGROUND.

On March 8, 2004, pursuant to a written plea agreement (Doc. #33), Cruz-Ayon pled guilty to Count 1 of the Indictment (Doc. # 5), Possession With the Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). (Doc. #23.)

The plea agreement contained several agreements regarding sentencing. First, the Government agreed to stipulate to a reduction in the Adjusted Offense Level by three levels if Cruz-Ayon made a full and complete disclosure to the Probation Office of the circumstances surrounding the offense and if Cruz-Ayon demonstrated an acceptance of responsibility. (Doc. # 33, p.2) The parties further agreed that 4 kilograms of methamphetamine was readily provable as being in the possession of Cruz-Ayon for purposes of distribution, and that, therefore, the offense level under the guidelines should be determined only as to this agreed upon amount. (*Id*.)

The plea was conditioned only upon the understanding that the maximum term Cruz-Ayon could receive was a term of imprisonment of life and a maximum fine of $4,000,000.00, and a minimum term of imprisonment of 10 years along with a term of supervised release of at least 5 years. (Doc. # 33, p.1-2.)

The United States agreed to bring no further charges against Cruz-Ayon arising from information learned during the investigation. (Doc. # 33., p. 3.)

Defense counsel submitted objections to the Pre-Sentence Investigation Report ("PSR"). (Doc. # 31.) Specifically, counsel argued that Cruz-Ayon should have received a minor role in the offense; counsel objected to the 2-point enhancement for a gun; and, lastly, objected to not receiving "safety valve" in his guideline calculation.

The PSR was revised following the Court's findings at sentencing to reflect a total offense level of 23. The PSR reached this number after the Court determined the Cruz-Ayon's Base Offense Level to be 30.

Cruz-Ayon was sentenced on October 19, 2004. The Court sentenced him to a prison term of 135 months. (Doc. # 35.)

On February 10, 2005, Cruz-Ayon filed a "MOTION: to withdraw the plea, or for breach of contract, (plea agreement), or to reinforce the agreement." (Doc. # 36.)  He also filed a "MOTION to take an appeal as of right." (Doc. # 38.)  The motion to take an appeal was originally mailed to the Ninth Circuit, then sent to the District Court where, upon filing, it was characterized as a Motion to Vacate, Set Aside or Correct Sentence.  The Government responded to the motion to withdraw the plea (Doc. # 39), and Cruz-Ayon filed a reply (Doc. #40).

In an order dated March 24, 2005, the District Court found the motion to withdraw the plea untimely under Rule 11(e) of the Federal Rules of Criminal Procedure, and denied the motion to withdraw the plea without prejudice to Cruz-Ayon filing a § 2255 Motion.  The Court also found the recharacterization of the motion to take an appeal as a § 2255 motion improvident, and instead, simply denied the motion without prejudice.  (Doc. # 41.)

Cruz-Ayon next filed the present § 2255 action.  (Doc. #46.)  He raises three grounds for relief: (1) Fifth Amendment violation by breach of the plea agreement regarding the sentencing range; (2) Fifth and Sixth Amendment violations by sentencing him under mandatory, not advisory, sentencing guidelines; and (3) counsel was ineffective by failing to file notice of appeal.  (Doc. # 47.)

On September 8, 2005, the District Court called for an answer from the United States Attorney.  (Doc. # 48.)  The Government filed a Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence on November 30, 2005, with exhibits A and B attached.  (Doc. # 53.)  The Government also filed an additional affidavit in support of its Response.  (Doc. # 54.)  Cruz-Ayon submitted a Reply on January 25, 2006.  (Doc. # 56.)

**DISCUSSION**

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one year period of limitations from the date on which the judgement of conviction becomes final has been imposed on the filing of motions for collateral relief by prisoners in federal custody.

28 U.S.C. § 2255. The Magistrate Judge finds, and the Government agrees, that the Motion was timely filed.

### B. Waiver

The Government asserts that the Court should deny the Motion because Cruz-Ayon knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence.

The right to petition for relief under 28 U.S.C. § 2255 is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (*citing See Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")). A knowing and voluntary waiver of statutory rights under 28 U.S.C. § 2255 is enforceable, *id.* (*citing United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)), as long as the plea agreement expressly makes the waiver, *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000);*United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Neither concerns of public policy nor due process invalidate a valid waiver of statutory rights, such as the statutory right of appeal. *Navarro-Botello,* 912 F.2d at 321.

"'Generally, courts will enforce a defendant's waiver of his right to appeal if 1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and 2) the waiver is knowingly and voluntarily made.'" *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotation omitted). Although waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement, a waiver is valid even if a defendant does not know the exact nature of what appellate issues might later arise at the time the defendant enters the waiver. *Navarro-Botello*, 912 F.2d at 321.

Cruz-Ayon raises several issues regarding the validity of the waiver in his Reply. First, Cruz-Ayon asserts that, contrary to his trial attorney's affidavit, his trial attorney did not discuss the plea agreement with him. (Doc. # 56, p. 1-2.) Cruz-Ayon asserts that his attorney "just told me sign this plea agreement and you will get 87 months as a sentence. He only told me I am your Lawyer trust me." (Doc. # 56, p.2.) Second, Cruz-Ayon asserts that he does not read English and that is the language his plea agreement was written in and his

1 lawyer "never explained me I was surrendering my right to appeal or collaterally attack my
2 sentence." (*Id.*)

3 The record of the hearing, however, contradicts his allegations. The Plea Agreement
4 expressly waived Cruz-Ayon's right to collaterally attack the sentence. (Doc. # 33, p. 3.)
5 The Plea Agreement states that "Defendant hereby waives any right to appeal or collaterally
6 attack any matter pertaining to this prosecution and sentence if the sentence imposed is
7 consistent with the terms of this agreement." (Doc. # 33, p. 3.) The Plea Agreement further
8 stated that Cruz-Ayon agreed that his attorney had fully advised him of the nature of the
9 charges to which he was entering a plea, that the guilty plea was not the result of force,
10 threats, assurances or promises, that his acceptance of the plea was voluntary, and that he
11 agreed to be bound by its provisions. (Doc. # 33, p. 6.)

12 At Cruz-Ayon's change of plea hearing, he was placed under oath and the Court
13 queried him on his ability to read and speak English. Cruz-Ayon responded that he did not
14 speak English, but that his lawyer explained the plea agreement to him, and translated it from
15 English to Spanish, and he understood what he translated. (Reporter's Transcript, Change
16 of Plea Hearing, p.5.) Cruz-Ayon acknowledged that he signed the plea agreement. (*Id.*, p.
17 5-6.)

18 The court informed Cruz-Ayon of the constitutional rights he would forfeit by
19 pleading guilty. *(Id.*, pp. 17-18.) The court specifically directed Cruz-Ayon's attention to
20 the waiver of appeal rights in the plea agreement. *(Id.*, p. 12-13). Movant said he understood
21 and was willing to give up these rights by pleading guilty. *(Id*, p. 18.) The plea colloquy
22 indicates Cruz-Ayon was aware of the waiver provision in the plea agreement. *See*
23 *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a
24 strong presumption of verity."). Moreover, Cruz-Ayon's attorney provided an affidavit in
25 which he states Cruz-Ayon was aware of the waiver provision in the plea. (Doc. # 54, p.1)

26 The court concludes Cruz-Ayon was aware of the waiver provision in the plea
27 agreement when he pleaded guilty. The Plea Agreement signed by the Movant demonstrates
28 that Movant entered a knowing, intelligent and voluntary waiver of his right to appeal or

collaterally attack any matter pertaining to the prosecution or sentence. The District Court acknowledged this waiver at the time of sentencing[1]. (Reporter's Transcript, Sentencing Hearing, p. 29.) The Magistrate Judge further finds that the Movant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence.

*Did the Government breach the plea agreement?*

Although Movant, having waived his rights pursuant to the plea agreement above has thus waived any sentencing issues where the sentence imposed is in accordance with the agreement, *see Navarro-Botello,* 912 F.2d at 321, this Court will address the sentencing issue inasmuch as Movant asserts that the Government has breached the plea agreement.

The Court finds that the Government did not breach the agreement. The parties stipulated to a three level downward departure for acceptance of responsibility and that the offense level under the guidelines would be determined based upon 4 kilograms of methamphetamine. (Doc. # 33, p. 2.) The agreement acknowledged, as part of the factual basis of the plea agreement, that a handgun was found in the garage of Cruz-Ayon's home. Cruz-Ayon unsuccessfully objected to the use of the gun for purposes of enhancement in the presentence report, and, during the change of plea hearing, acknowledged that the gun was found, and that it would be an issue at sentencing. (Reporter's Transcript, Change of Plea Hearing, p.22-23.) Cruz-Ayon acknowledged at sentencing that the sentence he received was consistent with the terms of the plea agreement. (Reporter's Transcript, Sentencing Hearing, p. 27-28.)

Since the Government did not breach the agreement in pursuing a two level upward adjustment based on the possession of a firearm during the offense, and since the sentence imposed was within the negotiated agreement, Cruz-Ayon has waived his right to raise any sentencing issues.

---

[1] The Court acknowledged at sentencing that the Movant waived his right to appeal with the exception of one issue which arose between Movant's change of plea hearing and sentencing hearing. The Court granted Petitioner the right to file on that limited issue only.

*Ground One*

The Magistrate Judge finds that Movant has waived his right to raise the issues set forth in Ground One of his petition. The Magistrate Judge recommends that the District Judge, after its independent review of the record, enter an order dismissing Ground One of the Petition.

*Ground Two*

Movant asserts in Ground Two of his motion that the Court's application of the sentencing guidelines to determine his sentence was in violation of the Sixth Amendment as confirmed by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). The Magistrate Judge finds that this issue was waived.

Counsel brought the issue of the constitutionality of the guidelines to the attention of the Court at sentencing, requested the Court preserve the issue on appeal, and received an alternative sentence in the event the guidelines were later determined to not be mandatory. (Reporters Transcript, Sentencing Hearing, pp. 19-22.) The Court preserved the issue, allowing an exception to the waiver, (*Id.*, p. 29) and, notified Cruz-Ayon that he could raise the issue on appeal or in a writ of habeas corpus. (*Id.*, p. 31.) Both Court and counsel were unsure at that time how to appropriately raise the question, through appeal or through habeas. (*Id.*, p. 20.)

The issue preserved, however, was the issue based upon the holding in *United States v. Detwiler*, 338 F.Supp.2d 1166 (D.Or. 2004), that the sentencing guidelines were unconstitutional in light of the Feeney Amendment, which violated separation of powers principles. (See Reporter's Transcript, Sentencing Hearing, pp. 19-21.) A *Booker* argument, on the other hand, is based on the Sixth Amendment's requirement that "[o]ther than the fact of a prior conviction, any fact that increases the maximum penalty to which a defendant may be subjected ] must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231 (*quoting Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, (2000)). While the district judge's order in *Detwiler* suggested the remedy ultimately adopted

1  by *Booker*, the constitutional basis for the claim is distinct.  Thus, no *Booker* claim was
2  preserved in this instance, and no *Detwiler* claim is raised in this Motion.

3  Furthermore, the Government asserts correctly that, since *Booker* does not apply
4  retroactively to convictions that become final prior to its publication on January 14, 2005,
5  *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), and since Cruz-Ayon failed to file
6  a notice of appeal within ten days of his conviction, *Booker* does not apply and his claim
7  must fail.

8  The Magistrate Judge finds that Movant has waived his right to raise the issues set
9  forth in Ground Two of his petition.  The Magistrate Judge recommends that the District
10 Judge, after its independent review of the record, enter an order dismissing Ground Two of
11 the Petition.

12 *Ground Three*

13 In his third ground for relief, Cruz-Ayon argues his counsel was ineffective when he
14 failed to file a notice of appeal.  This argument is not forfeit by the waiver provision in the
15 plea agreement.  *See U.S. v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005).

16 "The Sixth Amendment guarantees criminal defendants the right to effective
17 assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), *amended at*, 311
18 F.3d 928 (9th Cir. 2002)  (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)).  To
19 establish a violation of this right, the defendant must prove "counsel's performance was
20 deficient" and the "deficient performance prejudiced the defense." *Id.*  To prove deficient
21 performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel
22 his interest in an appeal.  *See Sandoval-Lopez*, 409 F.3d at 1198.  Prejudice exists if, but for
23 the lawyer's refusal, a defendant would have appealed.  *Id.*  A defendant need not show his
24 appeal is likely to have merit.  *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715
25 (1969).

26 "If a defendant, even one who has expressly waived his right to appeal, files a habeas
27 petition after sentencing and judgment claiming that he ordered his attorney to appeal and
28 his attorney refused to do so, two things can happen. The district court can hold an

1 evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and
2 reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the
3 district court can vacate and reenter the judgment without a hearing and allow the appeal to
4 proceed, assuming without deciding that the petitioner's claim is true." *Sandoval-Lopez*, 409
5 F.3d at 1198.

6 Section 2255 requires the district court to hold an evidentiary hearing "[u]nless the
7 motions and files and records of the case conclusively show that the prisoner is entitled to
8 no relief." 28 U.S.C. § 2255. An evidentiary hearing is usually required if the motion states
9 a claim based on matters outside the record or events outside the courtroom. *United States*
10 *v. Burrows*, 872 F.2d 915 (9th Cir. 1989) (citations omitted). The district court may deny a
11 section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed
12 against the record, either do not state a claim for relief or are so palpably incredible or
13 patently frivolous as to warrant summary dismissal. *Id.*

14 As it has already been established that Cruz-Ayon has stated a claim for relief, and
15 that the claim is not patently frivolous, the district court may deny the claim without a
16 hearing only if the allegations, as viewed against the record, are palpably incredible.

17 Cruz-Ayon alleges that he told defense counsel to appeal. (Motion, p. 9.) Counsel,
18 in fact, preserved an issue for appeal at the time of sentencing. Four months after sentencing,
19 the District Court received Cruz-Ayon's untimely "Motion to take an appeal of right." (Doc.
20 # 38.) The motion had been delayed, however, having been first filed in the Court of
21 Appeals for the Ninth Circuit on January 6, 2005, only three months after Cruz-Ayon's
22 judgment and commitment. The motion demonstrated Cruz-Ayon's concern as to the status
23 of his appeal and an uncertainty as to whether or not his attorney had filed a notice of appeal
24 on his behalf. Correspondence from counsel to Cruz-Ayon indicates that counsel informed
25 Cruz-Ayon that he had waived his right to appeal. (Doc. # 40, Ex. 2.) Because the
26 correspondence is dated after the time to file a notice of appeal had expired, it is not clear if
27 counsel had previously declined filing a notice of appeal because he believed Cruz-Ayon had
28 waived the right to appeal. Counsel has filed an affidavit stating "That, through my

1  communications with Rafael Cruz-Ayon, Rafael Cruz-Ayon **did not** direct me to file a
2  Notice of Appeal from the date of sentencing or at any time within ten days from the date of
3  the entry of his judgment."   (Doc. # 56.)

4      Although Cruz-Ayon's credibility is strained before this Court, as noted by the
5  conflicting statements between his assertions in his reply and his assertions under oath in
6  court, Cruz-Ayon's actions demonstrate that he believed a notice of appeal had been filed.
7  Further, this Court finds that Counsel's affidavit is somewhat vague as to the
8  "communications" he had with Cruz-Ayon. For instance, it is not clear, if in fact, Cruz-Ayon
9  and counsel discussed the issue of an appeal. In this highly fact driven inquiry, failure to
10 discuss the prospects of an appeal after preserving the issue might itself be unreasonable. In
11 this respect, the allegations as viewed against the record are not palpably incredible.

12     Accordingly, the Magistrate Judge recommends that the District Judge, after its
13 independent review of the record, enter an order granting an evidentiary hearing as to Ground
14 Three of the Petition.

15     **RECOMMENDATION**

16     After careful consideration of the Motion to Vacate, Set Aside, or Correct Sentence
17 and all papers filed in this action, the Magistrate Judge recommends that the District Court
18 enter an order denying Movant's motion as to Grounds One and Two and granting an
19 evidentiary hearing as to Ground Three.

20     Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections
21 within 10 days of being served with a copy of this Report and Recommendation. If
22 objections are not timely filed, they may be deemed waived.

23     If objections are filed, the parties should use the following case numbers: CR 03-
24 1096-PHX-SMM and CV 05-2576-PHX-SMM.

25     DATED this 8th day of September, 2006.

26
27     _____
28     Bernardo P. Velasco
    United States Magistrate Judge