**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,            )<br>                                                 )<br>              Plaintiff,              )<br>                                                 )<br>       v.                                  )<br>                                                 )<br>Rafael Cruz-Ayon,                 )<br>                                                 )<br>              Defendant.            )<br>_____) | No. CR 03-1096-PHX-SMM<br>      CV 05-2576-PHX-SMM (BPV)<br><br>**ORDER** |

On September 8, 2006, Magistrate Judge Bernardo P. Velasco filed a Report and Recommendation regarding Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion") (Dkt. 57.) Judge Velasco recommended that this Court enter an order denying Claims One and Two of the Motion and granting an evidentiary hearing on Claim Three. (Id. at 1.) On September 12, and September 21, 2006, the Government and Defendant, respectively, filed Objections to the Magistrate Judge's Report and Recommendation. (Dkt. 58, 59.)

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391,

1394 (9th Cir. 1991) (citing <u>Britt v. Simi Valley Unified Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983)).

**BACKGROUND**

On March 8, 2004, pursuant to a written plea agreement, Defendant pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. 23.)

Among other things, the parties stipulated that 4 kilograms of methamphetamine was readily provable as being in Defendant's possession for purposes of distribution, and that the offense level under the Guidelines would be determined only as to this agreed amount. (Dkt. 33 at 2.) Defendant's guilty plea was conditioned upon the understanding that the maximum term he could receive was a term of imprisonment of life and a maximum fine of $4,000,000, and a minimum term of 10 years imprisonment together with a 5 year supervised release term. (<u>Id.</u> at 1-2.) If the sentence imposed by the Court was consistent with the terms of the plea agreement, Defendant agreed to waive "any right to appeal or collaterally attack any matter pertaining to [his] prosecution and sentence." (<u>Id.</u> at 3.)

Before sentencing, defense counsel filed objections to the Pre-Sentence Investigation Report (the "PSR"). (Dkt. 31.) Counsel argued that Defendant (i) should have received a minor role in the offense; (ii) objected to a two-level enhancement for a firearm; and (iii) objected to not receiving "safety valve" in his Guidelines calculation. (<u>Id.</u>)

At sentencing, the Court overruled each of Defendant's objections. (Dkt. 46.) The PSR was revised following the Court's findings to reflect a total offense level of 33.[1]

On October 19, 2004, Defendant was sentenced to a prison term of 135 months, the low end of the Guidelines range for a total offense level of 33 and a criminal history of I. (Dkts. 35, 46 at 19, 24-28.) During the sentencing hearing, defense counsel raised an issue regarding the constitutionality of the Guidelines in light of <u>United States v. Detwiler</u>, 338 F.Supp.2d 1166 (D.

---

[1] The Government's only objection to the Magistrate Judge's Report and Recommendation is that the offense level on page 2, line 25, is a typographical error that should be "33," not "23." The Court agrees, and therefore sustains the Government's objection.

- 2 -

Or. 2004), which holds the Guidelines unconstitutional as a violation of separation of powers principles (the "Separation of Powers Argument"), and requested that Defendant be permitted to preserve the issue on appeal. (Dkt. 46 at 19-22.)  At the conclusion of sentencing, after Defendant and counsel for both parties agreed that he had been sentenced in accordance with the provisions of the plea agreement, the Court ruled that Defendant had knowingly and voluntarily waived his right to take an appeal or collaterally attack the matter, with the exception of the Separation of Powers Argument, which Defendant could raise on appeal or by collateral attack. (Id. at 29-32.)

On February 10, 2005, Defendant filed a "MOTION: to withdraw the plea, or for breach of contract, (plea agreement), or to reinforce the agreement" (the "Motion to Withdraw Plea"). (Dkt. 36.)  On February 22, 2005, Defendant filed a "MOTION to take an appeal as of right" (the "Motion to Appeal"). (Dkt. 38.)  The Motion to Appeal was originally sent to the Ninth Circuit Court of Appeals, which returned it to the District Court. (Id.)  On February 25, 2005, the Government responded to the Motion to Withdraw Plea (dkt. 39). On March 8, 2005, Defendant filed a reply, attaching as exhibits two letters from defense counsel stating that Defendant had waived his right to file a notice of appeal. (Dkt. 40, Ex. 2.)  On March 24, 2005, the District Court denied Defendant's Motion to Withdraw Plea and Motion to Appeal without prejudice to Defendant filing a Motion pursuant to 28 U.S.C. §2255 Motion. (Dkt. 41 at 1-3.)

On August 25, 2005, Defendant filed the instant Motion, raising three claims for relief:

(i) <u>Claim One</u>:  Fifth Amendment violation by breach of the plea agreement regarding Defendant's sentencing range;

(ii) <u>Claim Two</u>: Fifth and Sixth Amendment violations for sentencing Defendant under mandatory, not advisory, Sentencing Guidelines; and

(iii) <u>Claim Three</u>: Ineffective Assistance of Counsel based on the failure of Defendant's attorney to file a notice of appeal. (Dkt. 47 at 4-5.)

On November 30, 2005, the Government filed a Response to Defendant's Motion and an affidavit from defense counsel denying that Defendant directed him to file a notice of appeal.

1  (Dkts. 53-54.) Defendant submitted a Reply to the Government's Response, in which he stated
2  that he directed defense counsel to file a notice of appeal and he failed to do so. (Dkt. 56.)

3  After reviewing the filings in this matter, the Magistrate Judge recommended that Claims
4  One and Two be denied because Defendant waived the right to present both issues on appeal
5  and by collateral attack. With respect to Claim Three, however, the Magistrate Judge
6  recommended that the Court enter an order granting an evidentiary hearing to determine
7  whether Defendant's assertions – that he told his attorney to file an appeal and that his attorney
8  refused to do so – are true. (Dkt. 57.)

## DISCUSSION[2]

### Claim One

Defendant objects to the Magistrate Judge's determination that he validly waived the right to collaterally attack the sentencing range used to calculate his term of imprisonment. (Dkt. 59 at 1-4.) In his Objections, however, Defendant relies on the very same arguments he presented to the Magistrate Judge: (i) his "attorney merely told him to sign the Plea Agreement and that he would get 87 months as a sentence"; and (ii) he does not read English and his attorney "never explained me [sic] I was surrendering my right to appeal or collaterally attack my sentence." (Dkt. 59 at 3.) After a de novo review of the record and the factual analysis and legal conclusions of Judge Velasco's Report and Recommendation, the Court overrules Defendant's objections and hereby adopts and incorporates Judge Velasco's Report and Recommendation regarding Claim One. See dkt. 57 at 4-7.

### Claim Two

Defendant objects to Judge Velasco's determination that he validly waived the right to attack his sentence based on the Sixth Amendment violation established in United States v. Booker, 543 U.S. 220 (2005). (Dkt. 59 at 4-5.) In his Objections, Defendant contends the Magistrate Judge's ruling is premature because, if he prevails on his ineffective assistance of

---

[2] As previously stated, except with respect to a minor typographical error, which the Court has corrected, the Government does not object to the Magistrate Judge's Report and Recommendation. See note 1, supra.

- 4 -

counsel claim, the Booker argument will become "ripe for judicial process." (Id. at 4-5.) Accordingly, Defendant requests that the Court hold "its decision regarding Count Two in abeyance, until such time as the evidentiary hearing on Count Three is completed." (Id. at 5.)

For the following reasons, the Court will adopt the Report and Recommendation of Judge Velasco and deny Claim Two.  First, for the reasons set forth by Judge Velasco in denying Claim One, the Government did not breach the plea agreement.  See dkt. 57 at 4-6.  Second, as Defendant acknowledged at sentencing, the sentence he received was consistent with the terms of the plea agreement.  See dkt. 46 at 27-29.  Because the Government did not breach the plea agreement, and the sentence imposed was consistent with the terms of the plea agreement, Defendant has waived the right to appeal or collaterally attack his sentence on any ground other than the Separation of Powers Argument.  Thus, Defendant has waived the right to raise the Booker issue set forth in Claim Two.

Claim Three

Defendant does not object to the Magistrate Judge's recommendation that he receive an evidentiary hearing on Claim Three, but he does object "[t]o the extent that the Court did not grant [Defendant's] third ground claiming that he suffered injury from ineffective assistance of counsel." (Dkt. 59 at 5, emphasis in original.)  This objection can be interpreted in two different ways.  The Court overrules both interpretations.

The Court overrules a literal interpretation of Defendant's objection because, by finding that he is entitled to an evidentiary hearing on Claim Three, Judge Velasco *did* find that Defendant suffered an injury – also referred to as "prejudice" – from his attorney's alleged refusal to file a notice of appeal.  See United States v. Sandoval-Lopez, 409 F.3d 1193, 1196 (9th Cir. 2005) ("the defendant does not have to show that he might have prevailed on appeal to show prejudice, just that he probably would have appealed had his lawyer asked.")  Thus, Defendant's objection is misplaced.

The Court overrules Defendant objection if he is asserting that Judge Velasco should have allowed him to file an appeal, rather than recommending that this Court order an evidentiary hearing on Claim Three.

1   As stated by the Ninth Circuit,

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. *The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed.* Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

Sandoval-Lopez, 409 F.3d at 1198 (emphasis added). As shown below, an evidentiary hearing is required in the present case because there is a factual dispute as to whether Defendant ordered his attorney to file an appeal and his attorney refused to do so.

After expressly waiving his right to collaterally attack or appeal his prosecution and sentence on all issues except the Separation of Powers Argument, Defendant filed the instant Motion alleging that he ordered his attorney to appeal and that his attorney refused to do so. See Dkt. 47 at 5, 9. The Government responded with an affidavit in which Defendant's attorney denies that Defendant directed him to file a notice of appeal. (Dkt. 54, Aff. at 2, ¶9.) However, the record is clear that defense counsel preserved an issue for appeal at sentencing, that Defendant previously filed a Motion to Appeal, demonstrating his concern and uncertainty over whether an appeal had been filed, and that Defendant submitted letters from defense counsel stating that Defendant waived the right to file a notice of appeal. (Dkt. 46 at 29-30; Dkt. 38; Dkt. 40, Ex. 2.) The record also contains Defendant's statement that he instructed defense counsel to file a notice of appeal at the time he was sentenced and "way before the 10 days frame expired, but [defense counsel] never did even though he said he was going to file it." (Dkt. 56 at 2.) Because the evidence on this issue is in dispute, and Defendant's allegations are not palpably incredible, an evidentiary hearing is required on

1  Claim Three.  See Sandoval-Lopez, 409 F.3d at 1198-99.  Thus, the Court adopts the
2  Magistrate Judge's recommendation on Claim Three.

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Bernardo P. Velasco in its entirety with the exception explained in footnote one of this Order.  (Dkt. 57.)

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED** as to Claims One and Two only.

**IT IS FURTHER ORDERED** that an evidentiary hearing on Claim Three shall take place on January 11, 2007 at 9:00 a.m. in Courtroom 605, Phoenix, Arizona, 85003, before the Honorable Stephen M. McNamee.

**IT IS FURTHER ORDERED** that Defendant shall appear in person at the evidentiary hearing.  In order to produce Defendant at the evidentiary hearing, the Court will issue a Writ of Habeas Corpus Ad Testificandum.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to all parties as well as to Magistrate Judge Bernardo P. Velasco.

DATED this 23rd day of October, 2006.

_____
Stephen M. McNamee
United States District Judge